UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRIE WARNER,

        Plaintiff,                                     Hon. Ellen S. Carmody

v.                                             Case No. 1:15-CV-903

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On November 30, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 10).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

### STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

On July 29, 2009, Plaintiff applied for disability benefits alleging that she had been disabled since October 3, 2008. (PageID.150). Following an administrative hearing, these claims were denied by ALJ Jessica Inouye on January 11, 2012. (PageID.150-64). On May 30, 2012, Plaintiff again applied for benefits, alleging that she had been disabled since October 1, 2008, due to disc disease, wrist pain, back and neck pain, carpal tunnel, sleep apnea, Hepatitis C, fibromyalgia, chronic pain, depression, anxiety, and PTSD. (PageID.297-306, 342). Plaintiff was 43 years of age on her alleged disability onset date. (PageID.297). She successfully completed high school and worked previously as a laborer and certified nurse's assistance. (PageID.61).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.172-295). On October 29, 2013, Plaintiff appeared before ALJ James Prothro with testimony being offered by Plaintiff, a vocational expert, and a psychiatric expert. (PageID.72-135). In a written decision dated February 5, 2014, the ALJ determined that Plaintiff was disabled as of April 5, 2013, but not prior thereto. (PageID.43-66). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.27-31). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

ALJ Prothro declined to revisit the previous decision by ALJ Inouye, a determination which Plaintiff does not challenge.  (PageID.47, 757).  Thus, the decision that Plaintiff was not disabled through January 11, 2012, is not in dispute.  The only issue presented by Plaintiff's appeal is whether she was disabled between January 12, 2012, and April 5, 2013, the date on which ALJ Prothro determined that her disability began.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that as of January 12, 2012, Plaintiff suffered from the following severe impairments: (1) degenerative disc disease of the cervical spine, status post August 2010 anterior discectomy and fusion at C5-6; (2) degenerative disc disease of the lumbar spine; (3) rotator cuff tear of the left shoulder; (4) diffuse myofascial pain syndrome of the neck and back; (5) an affective disorder, variously diagnosed but most recently described as a major depressive disorder, chronic, severe, and with psychotic symptoms; (6) anxiety disorder and post-traumatic stress disorder; and (7) history of alcohol abuse. (PageID. 48). The ALJ determined that prior to April 5, 2013, Plaintiff's impairments, whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.50-52).

With respect to Plaintiff's residual functional capacity, the ALJ found that prior to April 5, 2013, Plaintiff retained the ability to perform light work subject to the following limitations: (1) she requires the ability to sit/stand at will; (2) she can occasionally climb ramps/stairs, but can never climb ladders, ropes, or scaffolds; (3) she can only occasionally balance, stoop, kneel, crouch,

and crawl; (4) she can only occasionally reach and lift overhead with her non-dominant left upper extremity; (5) she must avoid concentrated exposure to vibration, pulmonary irritants, and hazards; (6) she can understand, remember, and carry out simple, routine tasks that do not involve fast pace; and (7) she can have only occasional contact with the public.  (PageID.52).

The ALJ found that Plaintiff could not perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964.  Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 25,100 jobs in the state of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (PageID.129-32).  This represents a significant number of jobs.  *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).  The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits

prior to April 5, 2013.  The ALJ further determined, however, that as of April 5, 2013, Plaintiff's

ability to function deteriorated such that her impairments satisfied Section 12.04 of the Listing of

Impairments thus entitling her to disability benefits.  (PageID.63-65).

I.            **The ALJ's RFC is Supported by Substantial Evidence**

Plaintiff raises a single argument in her appeal.  Plaintiff argues that the ALJ's RFC

determination failed to sufficiently account for the opinions offered by James Wargel, Ph.D., the

psychiatric expert who testified at the administrative hearing.  Plaintiff is not challenging the

physical/exertional limitations articulated in the ALJ's RFC, but is instead arguing that the ALJ's

finding that Plaintiff can (1) understand, remember, and carry out simple, routine tasks that do not

involve fast pace and (2) have occasional contact with the public overstates Plaintiff's mental

residual functional capacity.  The Court is not persuaded.

At the administrative hearing, Dr. Wargel testified that as of April 5, 2013, the date

on which Plaintiff was hospitalized following a suicide attempt, Plaintiff's impairments satisfied

Section 12.04 (Affective Disorders) of the Listing of Impairments.  (PageID.111-29).  With respect

to Plaintiff's functional abilities for the time period prior to April 5, 2013, the doctor's testimony

was far less specific.  In fact, the doctor stated that whether Plaintiff was disabled during this earlier

time period "would seem to me to be perhaps an area that's more appropriate for the judge and for

the VE [vocational expert]."  (PageID.123).  Nevertheless, Dr. Wargel did state that during this

earlier time period, Plaintiff could understand and remember "moderately simple instructions" and

was only moderately limited in her ability to "interact appropriately with the general public."

(PageID.117-18).  These statements are not inconsistent with the ALJ's RFC determination.

ALJ Inouye, in her previous decision denying benefits, found that Plaintiff "retains the ability to perform work that is simple, unskilled, non-production-paced, and repetitive," but "cannot work around large crowds." (PageID.156). While phrased slightly differently, ALJ Inouye's RFC finding, with respect to Plaintiff's mental impairments, is basically the same as ALJ Prothro's RFC finding. Plaintiff is not challenging ALJ Inouye's decision or RFC finding. As ALJ Prothro noted, there is nothing in the medical record which supports the argument that Plaintiff's mental or emotional functioning appreciably deteriorated from January 11, 2012, through her April 5, 2013 hospitalization. (PageID.47-61). This assessment is supported by substantial evidence.

Treatment notes dated July 3, 2012, indicate that Plaintiff was experiencing "moderate" depression. (PageID.626). Plaintiff's mental status was unremarkable and she was noted to be taking medication and participating in therapy. (PageID.625-27). Treatment notes dated December 3, 2012, do not indicate that Plaintiff's depression or anxiety had worsened or required more aggressive treatment. (PageID.669-76). Treatment notes dated March 7, 2013, indicate that Plaintiff was finding it "somewhat difficult" to function, but "does not present with anxious/fearful thoughts or fatigue." (PageID.677). Plaintiff's mental status was unremarkable. (PageID.680). In sum, there is simply no medical evidence suggesting that Plaintiff's mental or emotional impairments appreciably deteriorated between January 11, 2012, and April 5, 2013. Thus, the ALJ's RFC determination in this regard is supported by substantial evidence.

In support of her argument, Plaintiff points to the check-box form that Dr. Wargel completed. While the doctor indicated that Plaintiff experienced "marked" limitations in certain areas of functioning even prior to her April 5, 2013 hospitalization, there is no indication or explanation as to the extent that such "marked" limitations impaired Plaintiff's ability to function.

8

Plaintiff's speculation on this point is not persuasive.  More importantly, as previously noted, the doctor testified at the administrative hearing that prior to April 5, 2013, Plaintiff could understand and remember "moderately simple instructions" and was only moderately limited in her ability to "interact appropriately with the general public."  These statements are entirely consistent with the ALJ's RFC determination.  Simply put, Dr. Wargel's specific testimony on this point trumps Plaintiff's unfounded speculation.  Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.  The Court further determines that appeal of this matter would not be taken in good faith.  *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3).  A judgment consistent with this opinion will enter.

Date:  June 15, 2016                              /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge